# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

|  |  |
|---|---|
| **DESTINED C.M.D. GEORGE,** ) | |
| ) | |
| Plaintiff, ) | Case No. 7:19CV00846 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **C.O. PUCKETT, ET AL.,** ) | By:  James P. Jones |
| ) | United States District Judge |
| Defendants. ) | |

*Destined C.M.D. George, Pro Se Plaintiff; Liza S. Simmons, Office of the Attorney General, Richmond, Virginia, for Defendants.*

The plaintiff, Destined C.M.D. George, a Virginia inmate proceeding pro se, filed this civil rights action under 28 U.S.C. § 1983, alleging that defendant Puckett sexually assaulted him during a body search and after George reported the assault, the defendant Oh retaliated against him by denying him "a haircut and use of the kiosk," in violation of his constitutional rights.[1]  Compl. 3, ECF No. 1.  George has now submitted a motion, ECF No. 18, titled "MOTION FOR TEMPORARY RESTRAINING ORDER/ PRELIMINARY INJUNCTION" against defendant Oh, with a proposed "ORDER TO SHOW CAUSE" attached.  I find that George's motion must be summarily denied.

---

[1]  The defendants have filed a Motion for Summary Judgment, and George has responded.  That motion will be addressed by separate Opinion and Order.

Neither the motion nor the proposed order contains any description of the factual basis for George's request for interlocutory relief. The proposed order merely asserts that the court should enjoin the "defendants, their successors in office, agents and employees and all other persons acting in concert and participation with them from threatening [George] and retaliating against [him] for taking legal action." Prop. Ord. 1, ECF No. 18-1.

Because preliminary injunctive relief is an extraordinary remedy, the party seeking such relief must make a *clear* showing "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). To qualify as irreparable, the feared harm must be "neither remote nor speculative, but actual and imminent," *Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d 969, 975 (2d Cir. 1989) (internal quotation marks and citations omitted), such that it poses a real and immediate threat. *Dan River, Inc. v. Icahn*, 701 F.2d 278, 283 (4th Cir. 1983).

George's motion is constructed entirely of a conclusory assertion unsupported by facts. He has not described any threat or retaliatory action that defendant Oh or any other prison official has taken against him because of this legal action, and no such claim is alleged in his Complaint. Accordingly, George's motion fails to show any likelihood that he will suffer irreparable harm, to himself or his lawsuit, in the

absence of the court intervention he is requesting or that any risk of such harm is imminent. Because his motion thus fails to make the four showings under *Winter*, he is not entitled to the relief he seeks.[2]

For the reasons stated, it is **ORDERED** that the motion, ECF No. 18, is DENIED.

                                       **ENTER**:  April 28, 2020

                                       /s/  JAMES P. JONES
                                       United States District Judge

---

[2] Temporary restraining orders are issued only rarely, when the movant proves that he will suffer injury if relief is not granted before the adverse party could be notified and have opportunity to respond. *See* Fed. R. Civ. P. 65(b). Such an order would only last until such time as a hearing on a preliminary injunction could be arranged. As it is clear from the outset that George is not entitled to a preliminary injunction, the court finds no basis upon which to grant him a temporary restraining order.